UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


GARDEN PENINSULA FOUNDATION, et al.,

    Plaintiffs,

v.                                                    Case No.  2:15-cv-8
                                                        HON.  PAUL L. MALONEY

HERITAGE GARDEN WIND
FARM I, L.L.C., et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

        Plaintiff Garden Peninsula Foundation, a Michigan non-profit corporation, and Plaintiffs Denise and Francis Ansell, Jerry and Jean Collins, Byron Hazel, Viola Lester, Calvin and Margaret Richard, Michael and Sue Rochefort, and Nicole Young reside and own property in Delta County, Michigan.  The remaining Defendants are Heritage Sustainable Energy, L.L.C., and Heritage Garden Wind Farm I, L.L.C.  Defendant Heritage Sustainable Energy, L.L.C. is a Michigan Limited Liability Corporation that conducts business in the State of Michigan and operates the Heritage Garden Wind Farm I, L.L.C. in Delta County, Michigan, which is located on the Garden Peninsula of the Upper Peninsula of Michigan (referred to as the "Heritage").

        Heritage operates 14 wind turbines on private leased property located on the Garden Peninsula.  Plaintiffs filed this complaint asserting violations of the National Environmental Policy Act ("NEPA") and Administrative Procedures Act ("APA") (Count I), the Endangered Species Act ("ESA") (Count II), the Bald and Golden Eagle Protection Act ("BGEPA") (Count III), the

Michigan Environmental Protection Act ("MEPA") (Count IV), nuisance (Count V), public nuisance (Count VI), and negligence (Count VII).

Plaintiffs' claims against Defendants Secretary of the Interior Sally Jewell, the United States Fish and Wildlife Service ("FWS"), and Director of the FWS Daniel M. Ashe have been dismissed.  Plaintiffs' NEPA and APA claims, which applied only to the FWS under Count I, and BGEPA claim, which applied only to the FWS under Count III, have been dismissed (ECF No. 74).  The remaining claims against the Heritage Defendants include Count II alleging ESA violations, Count IV alleging MEPA violations, Count V alleging a nuisance cause of action, Count VI alleging a public nuisance cause of action, and Count VII alleging a negligence cause of action.

Defendants filed a motion for summary judgment arguing that the remaining claims should be dismissed (ECF No. 138).  Plaintiff filed a response (ECF No. 143).  Plaintiff concedes that Summary Judgment is appropriate on the NEPA and APA claims (Count I), the ESA claim (Count II), and the BGEPA claim (Count III).  See (ECF No. 143, at note 3, PageID.2356).  Although, the Court has already dismissed the NEPA, APA, and BGEPA claims, the ESA claim has not been dismissed and was asserted against the Heritage Defendants.  Accordingly, it is recommended that the Court dismiss Count II under the ESA with prejudice.

That leaves only State laws claims under MEPA (Count IV), nuisance (Count V), public nuisance (Count VI), and negligence (Count VII) remaining in this case.  Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction after dismissing claims over which it has original jurisdiction. 28 U.S.C. § 1367(d) tolls the statute of limitations for dismissed supplemental claims under subsection (a) for a period of 30 days unless State law

provides for a longer tolling period.  The Court retains discretion to dismiss the remaining State law claims.  In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims.  *Id*.  Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

        In this case, the issues of State law regarding the operation of wind turbines as they relate to Michigan residents' use of adjoining property and the individual health concerns of Michigan citizens that may arise from the operation of wind turbines raise important State interests. "The interests of justice and comity are best served by deferring to Michigan's courts, which are best equipped to interpret their own State's environmental [and] nuisance" policies and laws. *Zanke-Jodway v. Capital Consultants, Inc.,* 1:08-cv-930, 2010 WL 1286219, *7 (W.D. Mich. 2010).   In the opinion of the undersigned, there exists no issues of judicial economy that would require this Court to decide the remaining State law issues.  Further, there exists no statute of limitations concerns as Plaintiffs have alleged continuing violations of State law and any applicable limitation period is tolled.  In the opinion of the undersigned, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction.

Accordingly, it is recommended that the Court grant Defendants' motion for summary judgment (ECF No. 138) on Count II which asserts a violation of the ESA with prejudice.

It is further recommended, that the Court exercise its discretion under § 1367(c) and decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims: MEPA (Count IV), nuisance (Count V), public nuisance (Count VI), and negligence (Count VII), and dismiss those claims without prejudice so that Plaintiffs may re-file these claims in the State court.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  July 13, 2017                                     */s/ Timothy P. Greeley*
                                                          TIMOTHY P. GREELEY
                                                          UNITED STATES MAGISTRATE JUDGE

4